UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JEROME SCOTT, ) | Case No.: 1:14 CV 59 |
| ) | |
| Plaintiff ) | SOLOMON OLIVER, JR. |
| ) | |
| v. ) | |
| ) | MEMORANDUM OF OPINION |
| INDEX CHANGES, WALL STREET ) | AND ORDER |
| JOURNAL, ) | |
| ) | |
| Defendant ) | |

Before the Court is *pro se* plaintiff Jerome Scott's above-captioned *in forma pauperis* Complaint against "Index Changes, Wall Street Journal, Chickopee, Mass 01105."[1] (Doc. No. 1.) Mr. Scott alleges, *inter alia*, that his First Amendment rights were violated by the defendant. For the reasons set forth below, the Complaint is dismissed.

*Background*

The Complaint, in its entirety, is a single, disjointed paragraph written along the right side of one page. From this, the Court discerns Mr. Scott may be employed by the Cleveland Indians, but provides a mailing address in Hartford, Connecticut. Alleging the defendant's actions constituted "mallum [sic] prohibition,"[2] Mr. Scott claims that "no quasi judicial body nor economics

---

[1] Although the Wall Street Journal newspaper has a location in Chickopee, Massachusetts, the only causal connection to "Index Changes" may be a section in the Journal listing mutual funds.

[2] *Malum prohibitum* is defined as "[a]n act that is a crime merely because it is prohibited by statute, although the act itself is not necessarily immoral. • Misdemeanors such as jaywalking and running a stoplight are *mala prohibita*, as are many regulatory violations." BLACK'S LAW DICTIONARY (9th ed. 2009).

[can] be forced on any contractual individual." *Id.* Finally, without asserting any injury in fact, Mr. Scott states that, while touring the campus of Yale College, he requested a "Certificate of Education <Downward Departure." *Id.*

The Complaint includes a Motion for Indigency wherein Mr. Scott claims he has no "currency in possession." He simply seeks "money damages.'

### *Standard of Review*

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to section 1915(e).

### *Failure to State a Claim*

Construing the complaint in a light most favorable to Mr. Scott, the Court concludes he could not prove any set of facts in support of his claims that would entitle him to relief. *See Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir.1996). As a threshold matter, a plaintiff is obligated "to provide the grounds of his entitlement to relief . . . labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Assn. of Cleveland Fire Fighters v. Cleveland*, 502 F.3d 545, 548 (6th Cir.2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554-55 (2007)). Although Mr. Scott twice recites "1st Amendment violation," that is the full extent to which he argues he is entitled to relief.

For Mr. Scott to assert a violation of his rights under the United States Constitution his

federal remedy is provided by 42 U.S.C. § 1983. The statute states, in relevant part:

> That every person who, *under color of any statute, ordinance, regulation, custom, or usage, of any state or territory or the District of Columbia* subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws is liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. §1983 (emphasis added). Thus, to advance any claimed deprivation of a Constitutonal right under §1983, a plaintiff must allege: "1) the deprivation of a right secured by the Constitution or laws of the United States and 2) the deprivation was caused by a person acting under color of state law." *McQueen v. Beecher Comm. Schs.*, 433 F.3d 460, 463 (6th Cir.2006) (internal quotation marks omitted). The Supreme Court has noted that "[w]here the impetus for the discrimination is private the State must have 'significantly involved itself . . . to fall within the ambit of the constitutional prohibition.' " *Moose Lodge No. 101 v. Irvis*, 407 U.S. 163, 173 (1972) (quoting *Reitman v. Mulkey*, 387 U.S. 369, 380 (1967)). Mr. Scott does not name a state actor as the defendant. By all appearances, the defendant is a private party and the plaintiff never alleges the State was significantly involved with the defendant's activities.

Principles requiring generous construction of *pro se* pleadings are not without limits. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985). District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. *Id.* at 1278. To do so would "require ...[the courts] to explore exhaustively all potential claims of a pro se plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Id.* at 1278. Therefore, a finding of frivolousness is appropriate

"when the facts alleged rise to the level of the irrational or wholly incredible ...". *Denton v. Hernandez*, 504 U.S. 25 (1992).

A crucial step in testing the sufficiency of a complaint is to identify any conclusory allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1949 (citing *Twombly,* 550 U.S. at 555). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations and quotation marks omitted). Mr. Scott's incoherent allegations against an indeterminable party, do not allege grounds for relief beyond a series of conclusory allegations. Thus, he has failed to state a claim for relief.

*Conclusion*

Based on the foregoing, Mr. Scott is granted leave to proceed *in forma pauperis* and the Complaint is dismissed pursuant 28 U.S.C. § 1915(e). Further, the Court certifies that an appeal from this decision could not be taken in good faith.[3]

IT IS SO ORDERED.

/s/ *SOLOMON OLIVER, JR.*
CHIEF JUDGE
UNITED STATES DISTRICT COURT

January 23, 2014

---

[3] 28 U.S.C. § 1915(a)(3) provides: "An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."